CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 29 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PATRICK DONOHUE, | ) | CASE NO. 7:14CV00138 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| GEORGE HINKLE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

John Patrick Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials accused, convicted, and penalized him for a disciplinary infraction without due process. Upon review of the record, the court finds that the action must be summarily dismissed as frivolous.

## Background

Donohue, an inmate at Red Onion State Prison, alleges the following sequence of events on which he bases his claims. On April 5, 2012, Counselor Raiford charged Donohue with violating offense code 137A, which prohibits lewd or obscene acts directed toward or in the presence of another. Raiford reported that Donohue called her over to his cell, exposed his penis, and ejaculated in her presence. At the disciplinary hearing, Donohue attempted to prove his innocence by asserting that his medication makes him unable to achieve an erection or produce semen. He asked to call his doctor as a witness. The hearing officer found Donohue guilty of the charge, based on Raiford's testimony, noting that even simulating masturbation constituted a violation of the code. The officer penalized Donohue with loss of electronic devices and television for 90 days. The warden and regional administrator upheld the disciplinary conviction and penalty on appeal.

Donohue sues Raiford, the hearing officer, the warden, and the administrator, asserting that these events violated his federal due process rights and various Virginia statutes. He claims that Raiford falsely accused him of the infraction and challenges the validity of the disciplinary proceedings based on insufficient evidence and several procedural violations, including denial of a requested witness. As relief, Donohue seeks monetary damages and expungement of the charge.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or based on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

2

inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). A state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

The court finds that Donohue's due process claim must be summarily dismissed as legally frivolous. At the most, Donohue's disciplinary penalty involved temporary loss of privileges, an expected condition of his confinement, rather than the type of atypical hardship required to create a liberty interest that would trigger federal due process protections under the rubric in Sandin. As Donohue had no liberty interest in avoiding the penalty he received, he had no federal constitutional right to any particular procedural protections before imposition of that penalty.* Defendants' alleged violations of state procedural rules during the disciplinary proceedings do not support a § 1983 claim, Riccio, supra, and the court declines to exercise supplemental jurisdiction over any claim Donohue may be attempting under state law. See 28 U.S.C. § 1367(c).

---

\* Even if Donohue could demonstrate a liberty interest here, his due process claim against Counselor Raiford has no legal basis, because he received notice of the charge and a hearing. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) ("the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 if the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges").

3

## Conclusion

The court summarily dismisses the entire action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of April, 2014.

/s/ Glen Conrad
Chief United States District Judge